```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MELINDA DESMARATTES,

                    Plaintiff,
                                              ORDER
          -against-                           20-CV-4723 (KAM)


CONSOLIDATED EDISON, INC. d/b/a
CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC.; LJ ROSS ASSOCIATES,
INC.; SUNRISE CREDIT SERVICES, INC.,

                    Defendants.
----------------------------------X
```
KIYO A. MATSUMOTO, United States District Judge:

On September 29, 2020, *pro se* plaintiff Melinda Desmarattes filed the above-captioned complaint, pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, against defendant Consolidated Edison, Inc. ("Con Edison"), and pursuant to the FDCPA and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, against defendants LJ Ross Associates ("LJ Ross") and Sunrise Credit Services, Inc ("Sunrise Credit"). (ECF No. 1, Complaint ("Compl.").) Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted. (ECF No. 2.) For the reasons stated below, plaintiff's claim against Con Edison is dismissed and her claims against the remaining defendants may proceed.

**BACKGROUND**

Plaintiff alleges that Con Edison closed her account in 2015 and sold her debt to LJ Ross and Sunrise Credit. (Compl. at 6-8.)  She avers that LJ Ross and Sunrise Credit, licensed debt collection agencies, purchased the rights to her consumer debt and incorrectly reported the amount of her debt to national credit reporting agencies.  (*Id.*)  As a result of the defendants' conduct, plaintiff was allegedly denied loans and credit and suffered physical and emotional ailments due to the stress of the debt collection calls.  (*Id.*)  Plaintiff seeks monetary damages.  (*Id.* at 9.)

**STANDARD OF REVIEW**

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint."  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).  A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although

2

"detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**DISCUSSION**

Plaintiff brings claims against Con Edison pursuant to the FDCPA, which prohibits certain activities by debt collectors, including improper communications with the consumer, harassing or oppressive behavior, misleading representations, and the use of unfair or unconscionable means of debt collection. 15 U.S.C. § 1692, *et seq.* The FDCPA defines "debt collector" as any person who uses interstate commerce "in any business the principal purpose of which is the collection of any

debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due." 15 U.S.C. § 1692a(6). A "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor," 15 U.S.C. § 1692a(6)(A), unless the creditor "uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts," 15 U.S.C. § 1692a(6). The FDCPA defines "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). Con Edison is a utility provider, which provides energy services for customers in New York City and Westchester County. Con Edison is not a debt collector as defined by the statute and, therefore, is not subject to the FDCPA. *See Albano v. Con Edison Co. of N.Y.*, No. 09-cv-3150(RJD), 2010 WL 2680364, at *2 (E.D.N.Y. July 1, 2010) (Con Edison is not subject to the FDCPA and does not serve as a debt collector under the FDCPA).

## CONCLUSION

For the foregoing reasons, plaintiff's FDCPA claim against Con Edison is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). No summons shall issue as to this defendant.

4

Plaintiff has alleged plausible facts in support of her FDCPA and FCRA claims against the remaining defendants. Therefore, Magistrate Judge Bloom is respectfully requested to monitor service of the summons and the complaint upon defendants LJ Ross and Sunrise Credit, without prepayment of fees.[1]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                           /s/
                                    KIYO A. MATSUMOTO
                                    United States District Judge

Dated:    Brooklyn, New York
           October 28, 2020

---

[1] Administrative Order No. 2020-12 suspends The United States Marshal's service of process during the current national coronavirus emergency. Once service of process by the U.S. Marshals Service is reinstated, the summons, complaint and this order shall be served upon defendants LJ Ross and Sunrise Credit. Alternatively, plaintiff may arrange for service of process as provided by Fed. R. Civ. P. 4.